IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Respondent-Plaintiff § | | |
| § | | |
| vs. § | CR B-99-434 | |
| § | | |
| REMIGIO REYES-JUAREZ, § | | |
| Petitioner-Defendant § | | |
| (CA B-01-050) § | | |

## GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

I.

On April 5, 2001, the court ordered the Government to respond to Reyes's 28 U.S.C. §2255 motion filed on March 21, 2001, by May 18, 2001. The Government moves to dismiss and, in the alternative, moves for summary judgment.

II.

On November 9, 1999, Reyes was charged in the Southern District of Texas, Brownsville Division, with illegal re-entry into the United States, in violation of 8 U.S.C. §1326(a)& (b) (R. 1)  He pled guilty to the indictment on January 18, 2000, in conformance with a FED. R. CRIM. P. 11(e)(1)(B) plea agreement, before United States District Judge Stewart A. Newblatt (R. 16).  In the oral plea agreement, in exchange for Reyes's plea of guilty to the indictment, the Government agreed to recommend Reyes receive full credit for "Acceptance of Responsibility", and be sentenced to the bottom of the Guideline level he scored. (R. 16).

The probation department scored him at base offense level 8, yet adjusted the level upward 16 levels by virtue of his conviction of an aggravated felony prior to his deportation, and 3 levels for acceptance of responsibility, for a total offense level of 21 ( PSR. 11, 16, 19). His criminal history score placed him in Criminal History Category Four, with a Guideline range of 57-71 months. No objections were filed by either party (PSR Add. P. 14).

On March 28, 2000, at sentencing, the district court sentenced Reyes to fifty-seven (57) months imprisonment, followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs. The judgment was entered March 31, 2000. The judgment became final on April 10, 2000 (FED.R. APP. P. 4[b]).

Reyes did not file a direct Appeal. On March 21, 2001, Reyes filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255".

III.

His pleading filed under §2255 is timely.

IV.

The Government denies each and every allegation of fact made by Reyes except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

ALLEGATIONS

Reyes seeks relief based upon the following assertions:

2

1. Petitioner's sentence, which resulted from the district court's consideration of petitioner's prior aggravated felony conviction, violated his constitutional rights as later outlined in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348 (2000).

2. Ineffective assistance of counsel by trial counsel's failure to object to the district court's consideration at sentencing of petitioner's prior aggravated felony conviction in "enhancing" petitioner's sentence beyond the otherwise applicable two year maximum sentence. Petitioner also infers that he requested trial counsel to file notice of appeal on his behalf, yet no notice of appeal was filed.

The only ground alleged which is cognizable under §2255 is ineffective assistance of counsel claim.

A. *Apprendi*

Reyes seeks retroactive application of *Apprendi v. New Jersey*. Such application is not available to him. *Apprendi* may not be applied retroactively under §2255.

In *Apprendi*, the Supreme Court announced the limited rule that "'fact[s] that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *United States v. Meshack*, 225 F.3d 556, 576 (5th Cir. 2000) *cert. denied* (quoting *Apprendi*, 530 U.S. at ___, 120 S.Ct. at 2362-2363).

In *Teague v. Lane*, 489 U.S. 288, 310, 109 S.Ct. 1060, 1075 (1989), the Court held that "[u]nless they fall within an exception to the general rule, new

3

constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Reyes's case became final ten (10) days after the entry of the judgment, April 10, 2000. *See United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000). Reyes's case was therefore final before *Apprendi* was decided on June 26, 2000. He must, therefore, demonstrate that the *Apprendi* rule falls within one of the *Teague* exceptions or he is precluded from raising this *Apprendi* claim in this §2255 proceeding.

"The *Teague* rule that new criminal procedural rules cannot be applied retroactively on collateral review has two exceptions." *United States v. Shunk*, 113 F.3d 31, 35 (5th Cir. 1997). The first is "when the new rule places 'certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe.'" *Id.* (citing *Teague*, 489 U.S. at 307, 109 S.Ct. at 1073). The second exception "is for those rules requiring the observance of procedures 'implicit in the concept of ordered liberty.'" *Id.* 311, 313, 109 S.Ct. at 1076, 1077).

In *Shunk*, the Court of Appeals for the Fifth Circuit held that the rule announced in *United States v. Gaudin*, 515 U.S. 506, 115 S.Ct. 2310 (1995), requiring the government to prove in a prosecution under 18 U.S.C. §1001 materiality to the jury, instead of the judge, did not meet the second *Teague* exception:

> ... As noted, rules requiring the observance of procedures 'implicit in the concept of ordered liberty' are 'watershed' rules, of which few have yet to emerge. Requiring the Government to prove materiality

4

> to the jury, instead of the judge, is not a 'watershed' rule of criminal procedure, even though *Gaudin* was a clear break with prior decisions. Obviously, the fact that the *Gaudin* rule is new does not necessarily make it 'watershed'. Furthermore, one can easily envision a system of 'ordered liberty' in which certain elements of a crime can or must be proved to a judge, not to the jury.
>
> In sum, *Gaudin* error does not meet the second *Teague* exception. *Accord United States v. Swindall*, 107 F.3d 831, 836 (11th Cir. 1997)("The *Gaudin* rule ... is not a watershed rule ... that alters our understanding of the bedrock procedural elements essential to the fairness of a proceeding.").

*Shunk*, 113 F.3d at 37.

The new rule announced in *Apprendi* requiring submission of certain sentencing facts to the jury for a finding beyond a reasonable doubt is no different than the new rule announced in *Gaudin* that materiality must be found by a jury and not a judge, therefore, the analysis in *Shunk* should be controlling here. In fact, the Court of Appeals for the Ninth Circuit reached that conclusion in *Jones v. Smith*, 231 F.3d 1227, 1235-37 (9th Cir. 2000), and held that the *Apprendi* rule as applied to the omission of certain necessary elements from a state court information, was "neither implicit in the concept of ordered liberty nor an absolute prerequisite to a fair trial." That holding is in accord with the decision by the Court of Appeals for the Fifth Circuit in *In re Tatum*, 233 F.3d 857, 858 (5th Cir. 2000), that an *Apprendi* claim is not cognizable in a successive §2255 motion because the Supreme Court did not expressly declare collateral availability of the rule or apply it in a collateral proceeding (citing 28 U.S.C. §§2244[b][3][C] and 2255 and *United States v. Rich*, 141 F.3d 550, 553 [5th Cir. 1998]). In addition, several district courts have concluded that the *Apprendi* rule does not fall within any

5

*Teague* exception.[1] *See United States v. Johnson*, 126 F.Supp.2d 1222 (D.Neb. 2000); *United States v. Joseph, III*, 2000 WL 1789989 (E.D.La. Dec.5, 2000); *West v. United States*,123 F.Supp.2d 845 (D.Md. 2000); *United States v. Pittman*, 120 F.Supp.2d 1263 (D.Or. 2000); *but see United States v. Murphy*, 109 F.Supp.2d 1059, 1064 (D.Minn. 2000). Reyes's claim is, therefore, not cognizable under 28 U.S.C. §2255.

Even were Reyes's *Apprendi* claim cognizable of §2255 review, he would lose. Reyes contends that the indictment did not authorize sentencing pursuant to 8 U.S.C. §1326(b)(2) and that therefore his fifty-seven month sentence is greater than the statutory maximum authorized by §1326(a). As the Supreme Court explained in *Almendarez-Torres v. United States*, 523 U.S. 224, 226, 118 S.Ct. 1219, 1222 (1998):

> Subsection (a) of 8 U.S.C. §1326 defines a crime. It forbids an alien who once was deported to return to the United States without special permission, and it authorizes a prison term of up to, but no more than, 20 years for "any alien described" in subsection (a), if the initial "deportation was subsequent to a conviction for commission of an aggravated felony." §1326(b)(2).

Subsection (b)(2) of §1326 "is a penalty provision, which simply authorizes a court to increase the sentence for a recidivist. It does not define a separate crime." *Almendarez-Torres*, 523 U.S. at 226, 118 S.Ct. at 1222. Consequently, neither the Constitution nor the statute require the fact of the earlier conviction be charged in the indictment. *Id.* 523 U.S. at 226-27, 118 S.Ct. at 1222.

---

[1] To date, no appellate court has held that *Apprendi* applies retroactively on collateral attack. *See Garrott v. United States*, 238 F.3d 903,(7th Cir.2001).

6

Reyes concedes that *Almendarez-Torres* forecloses his claim of error in this Court, but inferentially suggests that *Apprendi* overrules *Almendarez-Torres*. However, *Apprendi* did not overrule *Almendarez-Torres*. As such *Almendarez-Torres* remains the applicable jurisprudence. Only the Supreme Court can overrule *Almendarez-Torres*. *See Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 2017 (1997). As this Court observed in *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000), since the Supreme Court has unequivocally spoken on this issue, no error occurs when the district court fails to inform the defendant that the aggravated felony provision was an essential element of his sentencing. More recently, in *United States v. Nava-Perez*, 242 F.3d 277, 279, (5th Cir. 2001), this Court again acknowledged that it could not overrule Supreme Court precedent in addressing the same issue. Since *Almendarez-Torres* is controlling, no error is demonstrated. His indictment did not run afoul of *Apprendi.*

B.  <u>Failure to Demonstrate Cause and Prejudice for *Apprendi* Claim</u>.

Assuming again *arguendo*, that the *Apprendi* rule does fall within a *Teague* exception, Reyes must show both cause for his failure to raise this issue at trial, and on direct appeal, and prejudice. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982). A showing of cause requires a showing of some external impediment that prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991). Even though the law may have been settled against him on an issue, "the futility of raising an objection ... cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982). Here, as in *Smith*, Reyes

7

inferentially suggests he directed his trial to file notice of appeal. *Smith*, ___ F.3d at ___, 2001 WL 111590 * 2. If this were true, it would satisfy the "cause & prejudice" components excusing him from failing to raise this issue on direct appeal.

Failing demonstration that he directed his attorney to file notice of appeal, to show prejudice, Reyes must meet a higher standard higher even than plain error. *Smith*, ___ F.3d at ___, 2001 WL 111590 *1. He must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). Here, Reyes cannot meet that burden. As discussed above, *Apprendi* is inapplicable to his case. *Almendarez-Torres* permits enhancement on the basis of recidivism. He can demonstrate no prejudice.

VI.

REYES'S BURDEN

A. <u>In the context of his ineffective assistance claim</u>.

Regarding Reyes's 'ineffective assistance' claim and other claims the court may deem cognizable under §2255, Reyes must first address the cause/prejudice requirement. To obtain post-conviction relief in a collateral attack, a defendant must show either: (1) cause excusing his procedural default and actual prejudice resulting from the alleged error; or (2) that he is actually innocent. *See United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982); *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).

8

The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). "'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no fact finder would have convicted him." *Id.* (citations and quotations omitted).

To establish ineffective assistance of counsel, the §2255 petitioner must allege and prove: (1) that his counsel's performance was deficient and (2) that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Gaudet*, 81 F. 3d. at 591; *United States v. Walker*, 68 F. 3d 931, 934 (5th Cir. 1995); *see also Glover v. United States*, 531 U.S. at __, no. 99-08576 (January 9, 2001)(discussing factors to consider in evaluating claim of demonstrate prejudice).

Under the first prong, counsel's performance is deficient if it is objectively unreasonable. *Walker*, 68 F. 3d at 934. Under the second prong, prejudice is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different". *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *accord Glover*, 531 U.S. at ___ (No. 99-8576) at *4 (citing, *inter alia*, *Strickland*). Significantly, the petitioner making the claim of ineffective assistance must identify the acts or omissions that are alleged to have been the result of unreasonable professional judgement. *Strickland*, 466 U.S. at 690, 104 S. Ct. at

9

2066. Mere conclusory allegations are insufficient to raise a constitutional issue in a habeas case. *United States v. Woods*, 870 F. 2d 285, 288 n.3 (5th Cir. 1989); *Schlang v. Heard*, 691 F. 2d 796, 799 (5th Cir. 1982); *Lockhart v. Fretwell*, 506 U.S. 364 368, 113 S.Ct. 838, 842 (1993)("[A] criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'")(quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064). In an ineffective assistance claim in the context of a sentencing hearing, prejudice means that "but for counsel's error, his sentence would have been significantly less harsh". *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Failure to meet either the deficient performance prong or the prejudice prong will defeat a claim of ineffective assistance. *Stewart*, 207 F.3d at 751. A claim of ineffective assistance of counsel may be rejected based on an insufficient showing of prejudice, without inquiry into the adequacy of counsel's performance. *Micheaux v. Collins*, 911 F.2d 1083, 1090-91 (5th Cir. 1990). The failure to prove both components of the *Strickland* test, either a deficient performance or actual prejudice, defeats an ineffective assistance claim. *United States v. Abner*, 825 F.2d 835, 846 n. 18 (5th Cir. 1987).

Reyes alleges "ineffective assistance" in his trial counsel in not challenging the 16 level 'enhancement' of his sentence based upon an uncharged prior aggravated felony. Reyes also inferentially suggests he directed his counsel to file notice of appeal, yet his counsel failed to do so.

10

B.  *Apprendi*

Reyes claims the district court's reliance at sentencing upon his prior aggravated felony conviction, which was not charged in the indictment, violated *Apprendi*. As such, his counsel provided constitutionally infirm representation by failing to challenge any sentence in excess of two (2) years. As discussed above, Reyes's case was governed by *Almendarez-Torres*. *Apprendi* is inapplicable to Reyes's case. His counsel's 'failure' to object can in no way be considered "objectively unreasonable". This claim fails on this basis alone.

As Reyes builds his argument upon an untenable legal foundation, he fails to demonstrate he suffered any prejudice. He fails to demonstrate 'but for' counsel's "errors" his sentence 'would have been significantly less harsh'.

As the premises upon which Reyes's complaints are based have no legal support, Reyes's counsel's performance can not be shown to be deficient under *Strickland*. Further, Reyes does not allege he is innocent. He, therefore, fails the 'miscarriage of justice' test.

C.  Failed to File Notice of Appeal

Reyes inferentially suggests his trial counsel failed to file notice of appeal despite Reyes instruction to do so.

His trial attorney has indicated to the undersigned that she explained the nature of Reyes's appellate rights, and discussed his right to appeal at length. After which discussion, Reyes decided not to appeal. In support of this position, counsel provided a written 'waiver' of appeal, signed by Reyes after it was

11

translated to him in Spanish, following his sentencing and attached hereto as Government's Exhibit "A". His trial counsel has also indicated that Reyes never directed her to file notice of appeal on Reyes's behalf. The record, thus, belies Reyes's claims.

However, as Reyes's instant claim requires a credibility analysis by the court, prudence would dictate an evidentiary hearing on the matter. *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

D. <u>Legal principles guiding resolution of the ineffective assistance claim of failure to file notice of appeal</u>.

As discussed above, ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples*, 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

Although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the

12

context of Reyes's claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate that, understanding fully his right to appeal, Reyes made a deliberate decision not to appeal prior to the expiration of his ten-day deadline. Reyes was advised by his attorney shortly after sentencing of his right to appeal. Reyes reportedly advised his counsel that he did not wish to appeal. Consequently, Reyes's counsel neither filed notice of appeal, nor advised Reyes that he had done so.

If the final record reveals that Reyes did not direct his trial counsel to file notice of appeal, Reyes's claim fails on this point. If the court concludes Reyes did direct his trial counsel to file notice of appeal within the time period provided, Reyes's right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999); *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. §2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record, such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

The government prays that the court hold an evidentiary hearing on whether Reyes directed his attorney to file notice of appeal.

13

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Reyes's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MERVYN M. MOSBACKER
United States Attorney

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, May, 18, 2001, addressed to:

Remigio Reyes-Juarez
No. 92045-079
F.C.I., Oakdale
P.O. Box 5000
Oakdale, La., 71463

MARK M. DOWD
Assistant U.S. Attorney