6

IN THE UNITED STATES COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REMIGIO REYES-JUAREZ | § | |
| Petitioner, | § | CR-B-99-434 |
| | § | CA-B-01-050 |
| v. | § | |
| | § | |
| UNITED STATES OF AMERICA | § | PRO SE. |
| Respondent. | § | |

United States District Court
Southern District of Texas
FILED

JUL 1 3 2001

Michael N. Milby
Clerk of Court

PETITIONER'S RESPONSE TO PROSECUTOR'S REPLY TO
MOTION FILED UNDER, 28 U.S.C. § 2255

NOW COMES REMIGIO REYES-JUAREZ, PETITIONER, pro se, requesing this Honorable Court to grant relief based on the following:

## BACKGROUND

On November 9, 1999, Petitioner was charged in the Southern District of Texas, Brownsville Division, with illegal reetnry into the United States, in violation of 8 U.S.C. § 1326(a)(b). Petitioner pled guilty to the indictment on January 18, 2000, before United States District Judge Stewart a Newblatt. In the oral plea argument, in exchange for Petitioner's plea of guilty to the indictment, the Government agreed to recommend Petitioner receive full credit for acceptance of responsibility, and be sentenced to the bottom of the guideline level.

1

The Probation Department scored Petitioner at base offense level 8, yet adjusted the level upward 16 levels by virtue of Petitioner's conviction of an aggravated felony prior to deportation, and 3 levels for acceptance of responsibility, for a total offense level of 21. petitioner's criminal history score was 57-71 months. No objections were filed by either party.

On March 28, 2000, at sentencing, the district court sentenced Petitioner to 57 months imprisonment, followed by a three-year term of supervised release. Defense attorney reused to file a notice of appeal.

## ARGUMENT 1.

### APPRENDI CLAIM:

The Prosecutor's response regarding <u>Apprendi</u> calim by Petitioner is misleading. The government argues that the error which occurred here — an error which deprived the district court of jurisdiction to impose an enhanced sentence — was not "plain error."

Although, admittedly, some district courts have analyzed <u>Apprendi</u> error under the "plain error" standard, as a matter of first impression in the Fifth Circuit Court, "plain error" analysis has no place in a discussion of <u>Apprendi</u> error.

This instant case was not a case of instructional error as in <u>Neder v. United States,</u> U.S. 119 S.Ct 1827 (1999), nor a case involving any other kind of trial error.

Mr. Reyes' pleaded guilty properly, in accordance with

2

8 U.S.C. § 1326(a)(b) charge set forth in his indictment. He had notice of a violation of 8 U.S.C. § 1326(a)(b). No one neither the grand jury, the Government, Mr. Reyes, the trial judge, nor the probation officer thought that prior felony conviction were elements of a § 1326(a) offense. And, indeed, the grand jury made no findings as to such elements.

It was not until the sentencing in this case, when the judge imposed an enhanced 16 points enhancement based on prior felony, that the district court erred.

<u>Apprendi</u> teaches that the enhanced sentence imposed was authorized <u>only</u> if Reyes had been charged and convicted of the enhaced offense described in § 1326(b)(2). And the grand jury had not indicted Petitioner with that offense, nor had the Government proved that offense to the grand jury, nor had the grand jury found Reyes of guilty of that offense beyond a reasonable doubt.

In sentencing Petitioner for the enhanced offense, where the charging and jury finding prerequisites did not exist, the district court exceeded its jurisdiction. After <u>Apprendi,</u> the district court has no jurisdiction to sentence a defendant to enhanced sentence without grand jury or petit jury findings that the defendant committed such crime.

The error here is clearly jurisdictional. Importantly, plain error analysis does not apply to jurisdictional error. The Government relies on <u>Almendarez-Torres,</u> 523 U.S. at 226, 118 S.Ct. at 1222, that neither the constitution nor the statute require the fact of earlier conviction be charged in the indictment.

3

The Supreme Court ruling in <u>Apprendi,</u> 120 S.Ct. 2348 (2000), Justice Thomas opinion that <u>Torres</u> was wrongly decided, meaning that <u>Apprendi</u> overrules <u>Torres.</u> Not only does Fed.R.Crim.P. Rule 12(b)(2) provide taht defects in the indictment which go to lack of jurisdiction or failure to charge an offense "shall be noticed by the court at anytime during the pendency of the proceedings." But even where the defendant has failed to bring jurisdictional error to the attention of the court either at trial or on appeal, this Court has held that a reviewing court has an affirmative <u>obligation</u> to correct such jurisdictional error on habeas review. In <u>Harris v. United States,</u> 149 F.3d 1304 (11th Cir. 1998), for instance, the Government failed to file a § 851 indictment prior to the plea but since the Government thereafter filed an information, the district court imposed an enhanced sentence upon the defendant. The defendant did not object at the time, nor did he file an appeal. On reivew of the defendant's § 2255 petition, the Court concluded that— notwithstanding the defendant's "waiver" of the issue before the district court and appeal-— the district court had been without jurisdiction to impose the enhanced penalties in § 841(b)(1) and the sentence had to be vacated, see 149 F.3d at 1309 (*a district court lacks the power to entertain a § 851 enhancement prior to plea or trial. And this jurisdictional defect is not waivable.) The Court made clear that because of the non-waivability of the error, neither "cause" not "prejudice" needed to be shown. See <u>Id.</u> at 1308-1309. The Government clearly errs in ignoring <u>Harris,</u> and failing to recognized the <u>Aprpendi</u> error here as "jurisdictional error." The <u>Harris</u> analysis clearly applies

4

to Apprendi errors as well. See, e.g. United States v. Murphy, — F — Supp. 2d — 2000 W.L 1140782 (D. Min, Augu. 7, 2000), sentence under § 841(b)(q)(A) as unlawful even though the defendant never challenged the legality of that sentence before the district court or on appeal).

As a purely jurisprudential matter, "plain error" analysis cannot apply to jurisdictional error, because "plain error" analysis at its very core, derives from the concept of "waiver" and jurisdictional error is non-waivable. "Plain error" analysis also incorporates a "prejudice" component (the requirement that the error affects a defendant's "substantial rights"), see United States v. Olano, 507 U.S. 725, 734 (1993), while with jurisdictional error, prejudice need not be shown. Finally, unlike jurisdictional error, "plain error" analysis merely recognizes the court's discretion to correct "waived" error, where such error seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Olano, Id. at 735-736. In no case, however, does it compel the court to correct the error, where jurisdictional error is concerned, by contrast, a reviewing court is <u>obligated</u> to correct the error because federal court's are courts of limited jurisdiction, deriving their power solely from article III of the Constitution,, and the legislative acts of Congress. See Harris, 149 F.3d at 1308 ("we therefore cannot drive power to act from the actions of the parties before us.").

This Court has treated sentences that exceeded the statutory maximum sentence as jurisdictional errors — illegal per se and reversible per se without proof of prejudice. See Jones

5

v. United States, — F.3d — 2000 WL 1224637 (11th Cir. Aug. 29, 2000)(general sentence exceeded statutory maximum for a count, "the test is not what the court might have done, the test is whether the original sentence comported with the law"), United States v. Rhodes, 177 F.3d 963 (11th Cir. 1999)(defendants offense was misdemeanor at the time it was committed, and carried a 1 year term of supervised release, vacating 3 year term of supervised release which exceed statutory maximum), Unite States v. Rodriguez, 64 F.3d 638, 642 (11th Cir. 1995)(section 5 G1.1(a) "is simply the guidelines" recognition that a court lacks authority to impose a sentence exceeding the statutory maximum).

The error in this case is precisely just such a jurisdictional error. Alternatively, it can be said that the sentencing error here derived from the grand jury's failure to find probable cause, and failure to give Mr. Reyes fair notice as to all of the elements of the enhanced § 1326(b)(2) offense. And, indeed, the grand jury's omission of elements from an indictment has always been regarded as a jurisdictional defect, reversible per se without proof of prejudice. Strirone v. untied 361 U.S. 212, 217 (1960)(deprivation of right to be tried only on charges returned by grand jury "is far too serious to be treated — as harmless error), United States v. Gayle, 967 F.2d 483, 485 (1th Cir. 1992)(en banc), cert. denied, 507 U.S. 967 (1993), United States v. Fern, 155 F.3d 1318, 1324-1325 (11th Cir. 1998), United States v. Brown, 995 F.2d 1493, 1505 (10th Cir.) cert denied, 510 U.S. 935 (1993). Under no circumstances, does the Neder harmless error analysis apply to the omission of essential elements form an indictment, United States v. Du Bo, 186 F.3d

6

1177, 1180 n.2 (9th Cir. 1999).

Compare the instant case with United States v. Cabrera-Teran, 168 F.3d 141, 142-147 (5th Cir. 1999), to hold otherwise would contradict Apprendi, 120 S.Ct. 2348 (2000) and create a host of the due process notice problems that the foregoing cases prohibits.

Whether the Prosecutor considers the Apprendi violation in this case to be a sentence exceeding the statutory maximu, or rather, an error deriving from a defect in the indictment, one thing is sure, the error is jurisdictional, non-waivable and not subject to "plain error" review. It is reversible per se without proof of prejudice, and requires a remand for resentencing.

## ARGUMENT 2.

CLAIM UNDER INEFFECTIVE ASSISTANCE OF COUNSEL

The Government concedes that an evidentiary hearing would be held on this matter. See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 1034 (2000). Holding that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. Also, see Rodriguez v. united States, 395 U.S. 327 (19969). Here, the record does not show that Petitioner knowingly, intelligently and voluntarily waived his right to be tried and convicted only upon charges presented by a grand jury. United states v. Brown, 995 F.2d 1493 (10th Cir. 1993). Petitioner submits that he informed his attorney to file notice

7

of appeal and as such would confront defense attorney in an open court and under oath.

## CONCLUSION

There is no doubt if Petitioner has relief based on <u>Apprendi</u> and case law authorities cited in this response. Only a blind-man would ignore the due process violation in the instant case.

Does an individual accused of a crime have a right to a jury trial and right to require the Government to prove beyond a reasonable doubt a very fact necessary to constitute the crime fixed by binding law? Since the maximum fixed by the guidelines is biding as a matter of law, the answer can hardly be in doubt.

W H E R E F O R E , premises considered, Petitioner prays that this Honorable Court should grant relief and deny the Prosecutor's legally unsupported argument, that a sentence of 57 months, well in excess of 24 months authorized by the statute, did not affect Petitioner's substantial rights, no other court has so held.

Respectfully Submitted,

*Remigio Reyes Juarez*
Remigio Reyes-Juarez. Pro Se
Reg. No. 92045-079
Federal Correctional Institution
P.O. Box 5000
Oakdale, Louisiana 71463

8

# CERTIFICATE OF SERVICE

I, **Remigio Reyes-Juarez** hereby certify that I have served a true and correct copy of the following:

Petitioners Reply to Prosecutors Response to motion filed under 28 U.S.C. 2255.

Which is deemed filed at the time it was delivered to prison authorities for forwarding, <u>Houston vs. Lack</u>, 101 L.Ed 2d 245 (1988), upon the defendant(s) and or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, #201
Brownsville, Texas 78520

and deposited same in the United States Postal Mail at the United States FEDERAL CORR. Inst. Oakdale on this: **3th** day of: **June**, 2001

Remigio Reyes Juarez

Reg. No. **#92045-079**

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 5000
Oakdale, LA 71467