

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED

JAN 1 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| REMIGIO REYES-JUAREZ, | § | |
| Petitioner-Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-01-050 |
| UNITED STATES OF AMERICA, | § | |
| Respondent-Defendant. | § | CRB-B-99-434 |
| | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is Petitioner Remigio Reyes-Juarez's ("Reyes-Juarez") Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) and handwritten supplement to his section 2255 motion (Docket No. 13).

### SCOPE OF RELIEF AVAILABLE UNDER SECTION 2255

Following a conviction and exhaustion or waiver of the right to direct appeal, this Court must presume that a defendant stands fairly and finally convicted. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). Consequently, to obtain collateral relief, a prisoner must clear a significantly higher hurdle than that which exists on direct appeal. *See United States v. Frady*, 456 U.S. 152, 166 (1982). Errors of law that may justify reversal on direct appeal will not necessarily support a collateral attack under section 2255. *See Frady*, 456 U.S. at 165. Review of convictions under section 2255 is ordinarily limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice. *See id.* A defendant must show cause for the failure to raise the error and actual prejudice

1

resulting from the asserted error. *See id.* at 167-68. Other types of error may not be raised under section 2255 unless the defendant demonstrates that the error could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *See United States v. Pierce,* 959 F.2d 1297, 1301 (5th Cir. 1992).

## BACKGROUND

On November 9, 1999, in criminal action number B-99-434, petitioner was charged in the Southern District of Texas, Brownsville Division, with illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), (b).[1] He pleaded guilty in conformance with a FED. R. CRIM. P. 11(e)(1)(B) plea agreement before United States District Judge Stewart A. Newblatt. Reyes-Juarez's presentencing report scored him at base offense level 8. His score was assessed a 16-level adjustment as a result of an earlier aggravated felony conviction that occurred prior to his earlier deportation. A 3-level credit was also assessed for Reyes-Juarez's "Acceptance of Responsibility." His criminal history score of 21 classified Reyes-Juarez in Criminal History Category Four, with a Sentencing Guideline range of 57 to 71 months. The district court sentenced him to the lowest end of the guideline range: 57 months imprisonment followed by 3 years of supervised release. Reyes-

---

[1] The relevant portions of 8 U.S.C. § 1326 provide as follows:

(a) [S]ubject to subsection (b) of this section, any alien who –

   (1) has been . . . deported . . . and thereafter
   (2) enters . . . the United States [without the consent of the Attorney General or the legal equivalent],

shall be fined under Title 18, or imprisoned not more than 2 years, or both.

(b) [N]otwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . .

   (2) whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined[,] imprisoned not more than 20 years, or both[.]

2

Juarez was also ordered to pay $100.00 in mandatory costs. The judgment was entered March 31, 2000, and it became final on April 10, 2000.

### REYES-JUAREZ'S SECTION 2255 MOTION

Reyes-Juarez claims that he is entitled to a reduction in his sentence based on two grounds. First, he argues that the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), overruled *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and should be retroactively applied to his case. Reyes-Juarez's second contention is that his counsel, Sandra Zayas, provided ineffective assistance because she failed to object to the district court's consideration of Reyes-Juarez's prior uncharged aggravated felony and because she did not file a notice of appeal after he allegedly requested that she do so.

### REYES-JUAREZ'S *APPRENDI* CLAIM

In *Almendarez-Torres*, the Supreme Court held that section 1326(b)(2) is a penalty provision that does not define a separate crime; thus, the Government is not required to charge the fact of an earlier conviction in the indictment. *See* 523 U.S. at 226-27. Reyes-Juarez contests the validity of *Almendarez-Torres* in light of *Apprendi*. He contends that *Apprendi* stands for the proposition that any factor, including prior convictions, that will enhance an offender's sentence must be submitted to a jury and proved beyond a reasonable doubt. This Court disagrees.

In *Apprendi*, the Supreme Court declared a New Jersey hate crime statute unconstitutional, concluding that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 520 U.S. at 490 [Emphasis added]. The Court reexamined its holding in *Almendarez-Torres*, noting that it was arguable that the case was incorrectly decided. *See*

3

*id.* at 489. Nonetheless, the Court maintained that the rule announced in *Almendarez-Torres* should be treated as a narrow exception to the general principle that any fact increasing the maximum penalty of a crime should be charged in the indictment, submitted to a jury, and proved beyond a reasonable doubt. *See id.* at 489-490. The Court distinguished *Almendarez-Torres* and averred that:

> The reasons supporting an exception from the general rule for the statute construed in [*Almendarez-Torres*] do not apply to the New Jersey statute. Whereas recidivism does not relate to the commission of the offense itself, New Jersey's biased purpose inquiry goes precisely to what happened in the commission of the offense. Moreover, there is a vast difference between accepting the validity of a prior judgment of conviction entered in a proceeding in which the defendant had the right to a jury trial and the right to require the prosecutor to prove guilty beyond a reasonable doubt, and allowing the judge to find the required fact under a lesser standard of proof.

*Id.* at 496 (citations omitted).

The Fifth Circuit has narrowly construed *Apprendi* and notes that the Supreme Court did not overrule *Almendarez-Torres*. *See United States v. Nava-Perez*, 242 F.3d 277, 279 (5th Cir. 2001); *United States v. Rodriguez-Montelongo*, 263 F.3d 429, 434 (5th Cir. 2001); *United States v. Doggett*, 230 F.3d 160, 166 (5th Cir. 2000), *cert. denied*, 531 U.S. 1177 (2001). This Court is bound by Supreme Court precedent. *Almendarez-Torres* still controls. Accordingly, Reyes-Juarez's argument is foreclosed, and *Apprendi* has no application in this case.

### REYES-JUAREZ'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS

To establish ineffective assistance of counsel, the section 2255 petitioner must allege and prove that (1) his counsel's performance was deficient, and (2) he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if it is objectively unreasonable. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Furthermore, in the context of a sentencing hearing in which the petitioner alleges ineffective

4

assistance, prejudice means that "but for counsel's error, [the petitioner's] sentence would have been significantly less harsh." *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Reyes-Juarez alleges ineffective assistance because his counsel Sandra Zayas did not challenge the 16-level enhancement based upon a prior aggravated felony that was not charged in the indictment. As previously discussed, *Almendarez-Torres* governs Reyes-Juarez's case; *Apprendi* does not apply. Reyes-Juarez's prior aggravated felony conviction need not have been charged in the indictment, and this Court does not consider "objectively unreasonable" Zayas's decision to not raise an *Apprendi* challenge at sentencing. Such an argument would have had no legal tenor.

Reyes-Juarez also inferentially suggests that he directed Zayas to file a notice of appeal but she failed to do so. This Court held an evidentiary hearing on this claim in order to make a credibility determination. *See United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998) (evidentiary hearing held in which magistrate judge made credibility assessments with regard to petitioner's claim that his attorney failed to inform him of right to appeal). Reyes-Juarez appeared at the hearing, and because he speaks only Spanish, a translator was present to ensure that he fully understood the nature of the hearing and the testimony of the witnesses, who included Zayas and U.S. Border Patrol Agent Oscar Gonzalez.

Petitioner's court-appointed counsel Noe Garza did a thorough job questioning the witnesses. Zayas testified that she explained to her client that the increase in his sentence was the result of a prior rape conviction and that he nonetheless had a right to appeal the sentence. According to Zayas, Reyes-Juarez told her he did not wish to appeal. Zayas further testified that she asked Reyes-Juarez several times whether he was certain that he did not want to appeal and he said yes. Zayas also

5

stated that Reyes-Juarez signed a "Waiver of Appeal" form. Zayas testified that she showed Reyes-Juarez the Waiver of Appeal and explained to him that by signing the document he was informing the federal public defender's office that he chose not to appeal his sentence. Zayas stated that at all times that she met with Reyes-Juarez, she spoke to him only in Spanish.

Reyes-Juarez testified that Zayas told him that he could appeal but that there was "nothing to appeal." He further testified that he understood that the sentence he was receiving was a result of his prior rape conviction, but that he felt that it was an excessive sentence because he had a family in Mexico to support, and when he illegally re-entered into the United States, he did not know "how the system worked." Reyes-Juarez admitted that the signature on the Waiver of Appeal was his own and that he understood that he was signing a document waiving his right to appeal. Furthermore, he averred that at the time that Zayas met with him to discuss his right to appeal, he decided to not appeal because he was satisfied with Zayas's advice.

Finally, Zayas and Gonzalez were also questioned regarding Reyes-Juarez's contentions that he was denied a hearing before an immigration judge prior to his deportation. According to Reyes-Juarez:

> [He] was removed from the United States to Mexico in 1998. This expulsion from the United States which triggered the present section 1326 conviction [did] not result from a deportation hearing held before an immigration judge. Rather, in the case at hand the Immigration and Naturalization Service [INS] took advantage of a novel procedure whereby the INS [bypassed] the immigration court altogether and summarily removed Reyes-Juarez without any sort of hearing before an immigration judge, and thus, not allowing Reyes-Juarez an opportunity to contest his permanent residence card from becoming null and void.

(Supplement to section 2255 motion, Docket No. 13). The testimony of Zayas and Gonzalez revealed that a hearing before an immigration judge had in fact been held. The Court asked Reyes-

6

Juarez several questions regarding his allegations that he was denied a deportation hearing, and Garza, his attorney, asserted the petitioner's Fifth Amendment rights.

The Court lauds Garza's efforts to zealously advocate his client's claims. Nonetheless, the record demonstrates that Reyes-Juarez made a deliberate decision not to appeal and did not direct his attorney to file an appeal. Moreover, after observing the demeanor and listening carefully to the testimony of all the witnesses, the Court is of the opinion that the testimony of Zayas and Gonzalez is credible, and the petitioner's testimony is not credible. Furthermore, the Court concludes that the hand-written supplement to Reyes-Juarez's section 2255 motion is monstrously false.

IT IS therefore **RECOMMENDED** that Petitioner Remigio Reyes-Juarez's Motion to to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) and hand-written supplement to his section 2255 motion (Docket No. 13) be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 16th day of January, 2002.

John Wm. Black
United States Magistrate Judge

7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# -BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| REMIGIO REYES-JUAREZ, § | | |
|     Petitioner-Plaintiff, § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. B-01-050 |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Respondent-Defendant. § | | |
| § | | |

## ORDER

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation of January 16, 2002, should be **ADOPTED**.

IT IS **ORDERED** that Petitioner Remigio Reyes-Juarez's Motion to to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (Docket No. 1) and hand-written supplement to his section 2255 motion (Docket No. 13) be **DISMISSED**.

DONE in Brownsville, Texas, on this _____ day of _____, 2002.

_____
Filemon B. Vela
United States District Court Judge